IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMIE ANDREW JACKSON, # 436624**            **PLAINTIFF**

v.            **CAUSE NO. 1:21CV28-LG-JCG**

**OFFICER RODGERS and HARRISON
COUNTY ADULT DETENTION
CENTER**            **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Jamie Andrew Jackson initiated this action on January 29, 2021. At the time, he was incarcerated with the Harrison County Adult Detention Center.

On February 19, 2021, the Court ordered Jackson to respond to certain inquiries regarding the Complaint. The response was due March 5. Having received no response, on March 19, the Court entered an Order to Show Cause [11], directing him to show cause why this case should not be dismissed for failure to obey an Order [8] of the Court. Still having received no response, the Court entered the Second Order to Show Cause [13], on April 16, giving Jackson one last chance to either comply or show cause.

All Orders were mailed to Jackson's address of record, but they were each returned as undeliverable. To date he has not complied, provided a change of address, or otherwise contacted the Court. The Court has warned Jackson that failure to comply, including keeping the Court apprised of his address, may result in this case being dismissed. (2d Order to Show Cause at 1); (Order to Show Cause at

1); (Order Requiring Pl. to Respond at 2); (Order Setting Payment Schedule at 3); (Order [4] at 2); (Order [3] at 2).  It is apparent from Jackson's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.  Since Defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

2